ALFREDO NAZARIO Y OTRO, demandantes y recurrentes, *v.* HULL DOBBS OF PUERTO RICO, INC. Y OTROS, demandados y recurridos.

*Número:* R-69-110      *Resuelto:* 30 de septiembre de 1974

*Manuel Janer Mendía, Rafael A. Marzand Robles* y *Angel Alfonso Colón,* abogados del recurrente; *Orlando J. Antonsanti* y *Ernesto González Piñero,* abogados de los recurridos.

---

PER CURIAM: El Secretario del Trabajo, en virtud de la facultad que le confiere la Ley Núm. 96 del 26 de junio de 1956 (29 L.P.R.A. secs. 245 *et seq*), y la Ley Núm. 2 del 17 de octubre de 1961 (32 L.P.R.A. secs. 3118 *et seq.*) radicó sendas querellas en representación de varios vendedores a comisión empleados de las querelladas reclamando el pago de vacaciones acumuladas y no disfrutadas cubriendo períodos desde el 1954 hasta el 1967 inclusive. En diciembre del 1960 entró en vigor un convenio colectivo aplicable a los empleados reclamantes que disponía que toda controversia entre la unión y la compañía sobre la interpretación de las obligaciones de las partes bajo el convenio se resolvería mediante arbitraje. En diciembre del 1962 expiró dicho convenio y fue sustituido por otro con idéntica disposición que estuvo vigente hasta diciembre del 1965, en cuya fecha se celebró otro que tuvo vigencia hasta diciembre del 1968.

El tribunal de instancia, basándose en lo resuelto en el caso de *Pérez* v. *Autoridad Fuentes Fluviales*, 87 D.P.R. 118 (1963), dictó sentencia parcial desestimando las reclamaciones que se referían a períodos posteriores al 25 de enero de 1963, sin perjuicio de que los querellantes se acogieran al procedimiento de arbitraje. Dicho tribunal determinó que la Regla de *Pérez* v. *Autoridad Fuentes Fluviales*, supra, aplicaba si el período por el cual se reclamaba era posterior al 25 de enero de 1963, irrespectivamente si el convenio colectivo vigente para la fecha de la reclamación se celebrara con anterioridad a dicha fecha. No conforme con dicha determinación, el Secretario del Trabajo solicita la revisemos.

En el caso de *Pérez* v. *Autoridad Fuentes Fluviales*, supra, resolvimos lo siguiente:

". . . (1) que un patrono y una organización obrera pueden acordar válidamente en un convenio colectivo que las controversias sobre salarios y horas extra se ventilen y decidan mediante el procedimiento de arbitraje acordado en el convenio, y (2) que bajo un convenio válido y una cláusula de arbitraje

que exprese que todas las querellas o reclamaciones que surjan o que puedan surgir en relación con o con motivo de las disposiciones del convenio y de cuya cláusula de arbitraje no se excluya lo relativo a salarios, se pueden resolver y se resolverán las controversias sobre salarios y horas extra mediante dicho arbitraje." (A la pág. 129.)

Pero hicimos constar que:

". . . Por entender que las cláusulas de arbitraje de los convenios ya hechos no fueron redactados y aprobados por las partes teniendo en mente la regla que aquí enunciamos, el efecto de esta decisión será prospectivo solamente."

El 2 de mayo de 1974 expedimos la siguiente orden para mostrar causa:

"Se concede a la parte recurrida un término de diez días a partir de la notificación de esta resolución para mostrar causa por la cual no deba expedirse el auto solicitado y una vez expedido, visto lo resuelto en *Ceferino Pérez* v. *Autoridad de Fuentes Fluviales,* 87 D.P.R. 118, (1963), modificar la sentencia en el sentido de solamente declarar sin lugar las querellas relacionadas con los períodos cubiertos por reclamaciones surgidas de convenios colectivos firmados con posterioridad a la fecha de la opinión emitida en *Pérez* v. *Autoridad de Fuentes Fluviales,* supra."

No siendo aplicable la norma establecida en *Pérez* a controversias surgidas bajo convenios colectivos concertados con anterioridad a la fecha en que se resolvió dicho caso, *se expide el auto solicitado y se modifica la sentencia recurrida en el sentido de solamente declarar sin lugar las querellas relacionadas con los períodos cubiertos por reclamaciones surgidas de convenios colectivos firmados con posterioridad al 25 de enero de 1963, fecha en que se resolvió Pérez v. Autoridad Fuentes Fluviales, supra.* Véase *Martínez* v. *Com. Oil Ref. Co. Inc.,* 92 D.P.R. 693, 697 (1965).