AUTORIDAD DE LAS FUENTES FLUVIALES DE PUERTO RICO, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. JOSÉ N. RIVERA BARRERAS, JUEZ, demandado.

*Número:* O-73-320        *Resuelto:* 31 de enero de 1975

*Luis F. Candal, Luis M. Rivera Pérez, Marcelino Delgado Medina* y *Wilfredo Marcial González,* abogados de la peticionaria; *Vicente Ortiz Colón,* abogado de Anastacio Vélez Soto y otros, interventores.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Un nutrido grupo de empleados de la Autoridad de Fuentes Fluviales radicó querella, reclamando de ésta el pago de horas extras alegadamente trabajadas durante el período comprendido entre el 18 de octubre de 1956 y el 10 de octubre de 1966.

Nos corresponde pasar juicio sobre la procedencia de la defensa especial planteada por la Autoridad, de que el tribunal de instancia carece de jurisdicción para entender en el caso debido a que los querellantes no han recurrido al

mecanismo para dirimir querellas establecido por las partes en los convenios colectivos en vigor durante el tiempo a que se contrae la querella.

La solución de la controversia ante nos se circunscribe a definir la naturaleza de la misma, ya que de ésta depende su arbitrabilidad. Si efectivamente se trata de una reclamación de salarios, con compensación extraordinaria, no estaría sujeta a arbitraje en virtud de lo resuelto en el caso de *Pérez v. Autoridad Fuentes Fluviales*, 87 D.P.R. 118 (1963),[1] en cuanto a los convenios suscritos antes de 1963, y del Art. XXXVII, Sec. 20 del convenio colectivo firmado en 23 de marzo de 1965.[2] Por el contrario, si no es una controversia salarial, la cuestión debería dilucidarse a través de los mecanismos contractuales de arbitraje, por lo que procedería la desestimación de la querella por falta de jurisdicción.

La Autoridad querellada acepta que el trabajo realizado durante horas extras es compensable, sin embargo aduce y caracteriza el tiempo durante el cual están sujetos a ser llamados sus empleados como una condición de trabajo a diferencia

---

[1] Allí resolvimos, con carácter prospectivo que:

"Bajo un convenio válido y una cláusula de arbitraje que exprese que todas las reclamaciones que surjan o puedan surgir en relación con o con motivo de las disposiciones del Convenio y de cuya cláusula de arbitraje no se excluya lo relativo a salarios, se pueden resolver y se resolverán las controversias sobre salarios y horas extras mediante dicho arbitraje."

Consúltese *Nazario v. Hull Dobbs of P.R., Inc.*, 102 D.P.R. 568 (1974) y *Martínez v. Com. Oil Ref. Co., Inc.*, 92 D.P.R. 693 (1965).

[2] "Sección 20.—El Procedimiento para la Resolución de Querellas establecido en este Artículo no será de aplicación *en los casos de reclamaciones por concepto de compensación extraordinaria basadas en las disposiciones de ley* y en *las disposiciones de este Convenio*.

Las reclamaciones por compensación extraordinaria que no excedan de $500 podrán ser sometidas por el trabajador o la Unión al Director de Personal para su estudio y decisión, entendiéndose, sin embargo, que el trabajador y la Unión no renuncian a ejercer su derecho de radicar directamente dichas reclamaciones en los Tribunales de Justicia.

Sección 21.—Este Artículo comenzará a regir no más tarde de la expiración del tercer período de pago siguiente a la fecha de la firma del Convenio. (Bastardillas nuestras.)

de una cuestión salarial, por lo que concluye que la controversia es arbitrable.

No podemos convenir con dicho razonamiento que clasifica así, a priori, el tiempo a ser llamado, pues bajo el estado de derecho vigente, éste equivaldría a horas trabajadas, también compensable, si concurren las demás condiciones y factores enunciados en nuestra jurisprudencia:[3] *López Figueroa* v. *Valdés*, 94 D.P.R. 238 (1967); *Deyá* v. *Otis Elevator Co.*, 91 D.P.R. 669 (1965); *Sucn. Meléndez* v. *Central San Vicente*, 86 D.P.R. 398 (1962). Siendo ello así, es claro que se está solicitando compensación por horas trabajadas por lo cual es ineludible la conclusión de que se trata de una reclamación de salarios fuera del foro de arbitraje.

Nada de lo antes expuesto debe interpretarse como que prejuzga el caso en sus méritos. Nos limitamos meramente a resolver que el tribunal de instancia actuó correctamente al declarar sin lugar la defensa afirmativa de falta de jurisdicción.

*Se confirma la Resolución y se anula el auto expedido, devolviéndose el caso para que continúen los procedimientos.*

---

[3] El Art. XVI, Sec. 14 del Convenio que estuvo en vigor del 1ro. de julio de 1956 al 30 de junio de 1958 disponía:

"14) Se requiere a los celadores de pueblo, presas o centrales automáticas que notifiquen con anticipación a su supervisor cuando vayan a ausentarse durante sus días o tiempo libres del pueblo o sitio donde estén asignados a trabajar.

Si el Supervisor necesitare que permanezcan listos a ser llamados a trabajar durante tal tiempo o días libres, se lo notificará expresamente y con igual anticipación a los trabajadores y se les pagarán todas las horas de espera a razón del tipo regular de salario.

Las horas trabajadas se le pagarán conforme dispone este Convenio para tales horas."

Disposición similar aparece en todos los demás convenios posteriores.

Por el solo hecho de que el patrono ejerza las anteriores prerrogativas, no surge el derecho a una compensación extraordinaria, por trabajo en exceso de ocho horas, ya que además de otros factores, todavía sería necesario determinar ". . . el grado de libertad para dedicarse a actividades personales durante el período de inactividad en que el empleado está sujeto a ser llamado para prestar servicios;", *Deyá* v. *Otis Elevator Co.*, supra, pág. 670.