JULIA RIVERA DE VINCENTI, en representación del obrero ALFREDO MALDONADO BOU, querellantes y recurridos, *v.* HULL DOBBS COMPANY OF PUERTO RICO, querellada y recurrente.

*Número:* R-77-276          *Resuelto:* 31 de mayo de 1978

*Ernesto González Piñero,* abogado de la recurrente; *Enrique Verges Borrero, Francisco Pérez Rivera* y *Rafael A. Marzán Robles,* abogados de la recurrida.

PER CURIAM: El querellante Alfredo Maldonado Bou trabajó para la querellada-recurrente Hull Dobbs Company of Puerto Rico desde noviembre de 1955 hasta el 15 de enero de 1969 en calidad de vendedor de autos nuevos y usados. Las relaciones obrero-patronales se regían por convenio colectivo desde el 9 de diciembre de 1960 hasta el 9 de diciembre de 1968. En el período anterior al 9 de diciembre de 1960 no

existía convenio colectivo. El Decreto Mandatorio aplicable a través del período de empleo lo es el Núm. 8 Enmendado.

En 10 de febrero de 1971 el querellante presentó querella reclamando el pago de vacaciones acumuladas y no disfrutadas[1] durante las fechas señaladas precedentemente, más una suma igual en concepto de penalidad. 29 L.P.R.A. sec. 245 y ss. La reclamación fue desestimada por prescripción por el período anterior al 15 de enero de 1959. También fue desestimada la reclamación correspondiente al período cubierto por el convenio colectivo que rigió de 10 de diciembre de 1965 hasta el 9 de diciembre de 1968 por el fundamento de que aquélla debía ventilarse mediante el procedimiento de arbitraje establecido en el convenio.

En su consecuencia, la reclamación quedó limitada al período comprendido entre el 15 de enero de 1959 y el 9 de diciembre de 1965. Repetimos, no había convenio antes del 9 de diciembre de 1960. En esa fecha comenzó a regir un convenio que estuvo en vigor hasta el 9 de diciembre de 1962. Luego hubo otro convenio que rigió desde el 9 de diciembre de 1962 hasta el 9 de diciembre de 1965.

■ Ambos convenios contienen una disposición al efecto de que cualquier disputa, controversia o conflicto, o cualquier mal entendido, por cualquier razón, entre la Unión y el patrono respecto a la interpretación de las obligaciones de las partes bajo el convenio, serán dilucidadas en forma final e inapelable conforme al procedimiento de arbitraje allí dispuesto.

Ya en *Pérez* v. *Autoridad Fuentes Fluviales*, 87 D.P.R. 118 (1963), resolvimos que tal arbitraje incluye las controversias sobre salarios y horas extras, a menos que específicamente no estén excluidas del arbitraje. Pero tal interpretación se hizo con carácter prospectivo para que aplicara a con-

---

[1] El querellante no demostró no haber disfrutado de las vacaciones reclamadas. Solamente está en controversia el pago de vacaciones.

venios colectivos otorgados después del 25 de enero de 1963, fecha en que se resolvió *Pérez*.

Amparándose en *Pérez* el tribunal de instancia, en un incidente anterior en este mismo caso, dictó sentencia parcial desestimando la querella en lo que se refería al período posterior al 25 de enero de 1963. Hubimos de confirmar dicha sentencia parcial haciendo la salvedad de que al no surgir de los autos la fecha de otorgamiento de los convenios envueltos, no podíamos hacer determinación alguna sobre cómo quedaba afectado cada convenio en particular bajo la norma de *Pérez*.

Al devolver el caso para la continuación de los procedimientos al tribunal de instancia las partes acordaron estipular la totalidad de la prueba en documento de Estipulación sometido y a base de una copia de los convenios colectivos aplicables.

Se estipuló entre otras cosas que *Pérez* v. *Autoridad Fuentes Fluviales* aplica a convenios otorgados con posterioridad al 25 de enero de 1963, y que aquellos convenios otorgados antes de la fecha crítica no se rigen por la norma de *Pérez* aun cuando la reclamación se extienda más allá de dicha fecha. Para sostener ese acuerdo descansan en *Nazario* v. *Hull Dobbs of P.R., Inc.*, 102 D.P.R. 568 (1974).

Un somero examen del convenio que cubre de 9 de diciembre de 1962 a 9 de diciembre de 1965 revela que fue otorgado en febrero de 1963, sin indicar el día exacto, o sea, después de nuestra opinión en *Pérez*. Debemos asumir que las partes tenían conocimiento de la norma allí expuesta. El hecho de que los efectos del convenio se retrotrajeran a una fecha anterior no pudo tener la consecuencia de dejar sin efecto la decisión de *Pérez* a los fines del convenio. Es lógico pensar que de haber sido la intención de las partes excluir la aplicación de la norma de *Pérez* así lo hubieran expresado. Es sabido que un gran número de convenios se otorgan después de la fecha de expiración del anterior luego de las negociaciones de

rigor. A los fines de que los empleados gocen de los beneficios acordados, el término de vigencia es generalmente retroactivo al día siguiente de la expiración del convenio anterior. Conscientes de esa realidad al resolver en *Pérez* que la doctrina allí adoptada habría de regir a contratos otorgados con posterioridad a nuestra decisión nos referimos expresamente a los otorgados después del 25 de enero de 1963. Erró pues el tribunal de instancia al interpretar que el efecto retroactivo de dicho convenio excluía la aplicación de *Pérez*. Debe desestimarse la querella con respecto al convenio del 9 de diciembre de 1962 a 9 de diciembre de 1965, otorgado en febrero de 1963.

Queda aún por resolver los derechos que pueda tener el querellante bajo el convenio vigente desde el 9 de diciembre de 1960 al 9 de diciembre de 1962 (al que nos referiremos como el primer convenio) y por el período anterior al 9 de diciembre de 1960 en que no regía convenio alguno.

El primer convenio dispone que "cualquier vendedor podrá tomar quince (15) días de vacaciones al año sin paga". (2) A pesar de que expresa que las vacaciones se tomarán sin paga provee un pago en lugar de vacaciones según la siguiente cláusula:

"La Compañía pagará un bono de Navidad en lugar de vacaciones equivalente al 5% de la compensación del vendedor desde el 1ro. de junio de 1961 hasta el 1ro. de diciembre de 1961, en 15 de diciembre de 1961". (3)

Las partes estipularon que en cumplimiento de lo dispuesto en los convenios colectivos la querellada efectuó los correspondientes pagos por los conceptos que se mencionan en las cláusulas referentes al bono de Navidad. Y que en lo que respecta a la reclamación del período anterior al primer con-

---

(2) El texto del convenio en inglés reza así: "Any salesman shall be allowed to take fifteen (15) days vacation per year without pay."

(3) El texto en inglés dice: "The Company will pay a Christmas [bonus] in lieu of vacation bonus equal to 5% of the salesman's earnings from June 1st, 1961 through December 1st, 1961 by December 15th, 1961."

venio colectivo la querellada hacía un pago cada seis (6) meses en la misma forma que se hizo bajo los convenios colectivos primero y segundo.

La controversia gira alrededor de la legalidad de la sustitución del derecho a cobrar vacaciones por el pago de un bono navideño. La posición del querellante es que el Decreto Mandatorio Núm. 8 Enmendado requiere el pago de vacaciones equivalentes a quince días laborables al año, y que el no pago de dichas vacaciones aunque sea sustituido por el pago de un bono navideño resulta contrario y por tanto en violación al decreto. El tribunal de instancia concluyó (1) que el derecho a recibir el pago de vacaciones bajo el Decreto quedó eliminado en el Convenio al proveerse que se concederán quince días de vacaciones al año sin paga, no obstante el pago del bono navideño, todo ello en violación del Decreto; (2) que aun asumiendo que el pago del bono de Navidad fue en concepto de vacaciones que el querellante trabajó, el mismo es ilegal por no haber mediado el permiso del Secretario del Trabajo; y (3) que en su consecuencia el querellado tiene derecho al pago de vacaciones durante el período comprendido entre el 15 de enero de 1959 al 9 de diciembre de 1965.

Al recurrir la querellada ante nos en revisión expedimos orden dirigida al querellante para que mostrara causa por la que no debía revocarse la sentencia recurrida por el fundamento de que las vacaciones a que tenía derecho el querellante fueron disfrutadas y pagadas con el bono de Navidad que sustituyó en exceso la compensación a que tenía derecho dicho querellante por vacaciones. Al comparecer éste hace un gran esfuerzo en persuadirnos de que el pacto contenido en los Convenios Colectivos entre la unión Retail Clerks International Association, Local #552 AFL-CIO y Hull Dobbs Company of Puerto Rico, Inc., mediante el cual se sustituye el pago de vacaciones por el pago de un bono de Navidad, es contrario a las disposiciones de la Ley de Salario Mínimo de Puerto Rico, 29 L.P.R.A. sec. 245t(b) y el Decreto Mandatorio Núm. 8 Enmendado, 29 R.&R.P.R. sec. 245n–138(b).

La Ley de Salario Mínimo en lo que es aquí pertinente, en las fechas cubiertas por la reclamación del querellante, disponía:

"Cualquier convenio colectivo, laudo o contrato de trabajo en virtud del cual convenga un empleado en aceptar salarios menores a los fijados en las secs. 245 a 246m de este título, en un decreto mandatorio, en una orden de la Junta, o en una orden de salario federal, será nulo." 29 L.P.R.A. sec. 245t(b).

Por otra parte, el Decreto Mandatorio Núm. 8 Enmendado, en lo que concierne al derecho de vacaciones del querellante, dispone como sigue:

"Todo empleado tendrá derecho a vacaciones, con sueldo completo que se hará efectivo al comenzar a disfrutarlas, a razón de uno y cuarto (1¼) día laborable por cada mes en que haya tenido por lo menos ciento veinte (120) horas de labor. Las vacaciones las disfrutará consecutivamente el empleado y se concederán anualmente en forma que no interrumpan el normal funcionamiento de la empresa, a cuyo fin el patrono establecerá los turnos correspondientes . . . . Si el salario no se ha estipulado por días o períodos mayores, el sueldo correspondiente a cada día de vacaciones se computará multiplicando por ocho (8) el tipo por hora regular más alto que hubiere percibido el empleado durante el mes a que correspondan las vacaciones. Será ilegal y nulo cualquier contrato mediante el cual el empleado renuncie, por dinero u otra causa, a disfrutar de hecho sus vacaciones a menos que medie un permiso del Secretario del Trabajo . . . para permitir a cualquier empleado renunciar por dinero al disfrute de sus vacaciones . . . ." 29 R.&R.P.R. sec. 245n–138(b).

■ No hubo estipulación ni prueba alguna sobre si el querellante disfrutó de las vacaciones a que tenía derecho, o de no haberlas disfrutado si medió la autorización del Secretario del Trabajo. En ausencia de prueba en contrario debe presumirse que la ley—el Decreto en este caso—fue acatada. Art. 102(32) de la Ley de Evidencia, 32 L.P.R.A. sec. 1887(32). La conclusión del tribunal de instancia al efecto de que las vacaciones fueron trabajadas por el quere-

llante no encuentran apoyo en la estipulación presentada por las partes.

■ Los términos de la Estipulación sometida por las partes así como las disposiciones sobre vacaciones contenidas en el primero y segundo convenio eran al efecto de que se pagaba un bono de Navidad en sustitución del pago de las vacaciones a que tenían derecho los vendedores bajo el Decreto aplicable. No se nos ha demostrado que dichos acuerdos contractuales sean en violación de la ley o de alguna disposición constitucional. El Decreto requiere que las vacaciones sean disfrutadas como cuestión de hecho y que las mismas sean pagadas. Según dijimos precedentemente no hubo prueba demostrativa de que el querellante no las disfrutara. Pero sí hubo prueba de que recibió el pago de una bonificación de Navidad en sustitución del pago de vacaciones. Esto es, como cuestión de realidad, hubo un pago que específicamente acordaron las partes que se hiciera en lugar de (*in lieu of*) las vacaciones. Es indudable que las partes expresaron en los convenios su conformidad de que la bonificación equivalía al pago de vacaciones, y así lo entendemos no importa el apelativo con que se devenga el pago.

Cabe observar que el querellante estuvo debidamente representado en la negociación de los convenios por la unión Retail Clerks International Association, Local #552 AFL-CIO. Expirado el primer convenio se negoció el segundo convenio sin que se variara el concepto de sustitución del pago de vacaciones. El Decreto Enmendado Núm. 8 estuvo en vigor durante todos los años en que el querellante prestó servicios a la querellada. Es significativo que durante todos esos años la Unión no instara reclamación alguna con respecto a la cuestión de las vacaciones aquí envueltas bajo el primer y segundo convenio.(*) Ni siquiera acudió ahora en protección

---

(*)No fue hasta la negociación del tercer convenio que rigió desde el 9 de diciembre de 1965 a 9 de diciembre de 1968 que se varió el texto sobre vacaciones para expresar que se recibiría una compensación por vacaciones.

448

del querellante quien hubo de recurrir al Secretario del Trabajo para que lo representara. Estamos convencidos de que el pago de las vacaciones del querellante quedó satisfecho con el pago de la bonificación navideña.

Comoquiera que la remuneración del querellante estaba basada en comisiones, y no en un salario fijo, restaría por considerar sin embargo cómo queda afectado el querellante por la disposición del Decreto al efecto de que "si el salario no se ha estipulado por días o períodos mayores, el sueldo correspondiente a cada día de vacaciones se computará multiplicando por ocho (8) el tipo por hora regular más alto que hubiese percibido el empleado durante el mes a que correspondan las vacaciones."

Pero el querellante no cuestiona la razonabilidad de la remuneración recibida, cuya compensación él acepta que se hizo en cumplimiento de lo dispuesto en los convenios colectivos, incluyendo lo reclamado por el período anterior a los convenios. Ni puso al tribunal de instancia en condiciones para hacer tal determinación. Solamente estipuló su remuneración anual durante los años 1960 al 1965, sin revelar cuál fue su compensación mensual sobre la cual se ha de computar el Decreto. Aunque el pago de la bonificación navideña está basado en un porcentaje de la compensación recibida durante un período de seis meses, no es posible determinar la adecuacidad de dicho pago en términos absolutos en proporción a toda la compensación recibida por comisiones durante el año completo. Tampoco aportó prueba el querellante para demostrar en cuantas veces de cada año laboró por lo menos las ciento veinte (120) horas que exige el Decreto para así tener derecho al día y cuarto de vacaciones correspondientes a cada mes en particular. No podemos pues hacer disposición alguna sobre la adecuacidad o razonabilidad del pago que sustituyó las vacaciones.

La prueba estipulada y los convenios sometidos se limitan a impugnar la sustitución que se acordó en los convenios de un pago de bonificación en lugar de un pago de vacaciones.

Surge con meridiana claridad de los convenios colectivos que la intención de las partes fue pagar la bonificación navideña en lugar del (*in lieu of*) pago de vacaciones. Tal acuerdo no niega el derecho a la compensación por vacaciones sino que establece la forma en que ha de computarse su pago para aquellos que no reciban una compensación fija, que es el caso del querellante. Por ello debemos desestimar la reclamación por vacaciones por el período anterior al primer convenio colectivo y por el período correspondiente a dicho convenio.

En mérito de lo expuesto *se expedirá el auto solicitado y se revocará la sentencia dictada por la Sala de San Juan del Tribunal Superior en el caso Núm. PE-71-228.*

El Juez Asociado Señor Torres Rigual no intervino.