COOPERATIVA DE VIVIENDAS ROLLING HILLS—JUNTA DE DIRECTORES, peticionaria, *v.* C. P. ANÍBAL RODRÍGUEZ COLÓN, recurrido.

*Número:* O-78-252        *Resuelto:* 11 de abril de 1979

*Alejandro Torres Rivera,* abogado .de la peticionaria; *Miguel T. Morales Adames,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

El 29 de septiembre de 1977 la Junta de Directores de la Cooperativa de Viviendas Rolling Hills notificó por escrito al socio de dicha cooperativa, Sr. Aníbal Rodríguez Colón, una citación a vista para ventilar los siguientes cargos formuládosle:

· "a. Amenazas: Amenazar con interrumpir violentamente la celebración de la Asamblea Anual mediante declaraciones hechas días antes de la misma a socios y residentes de nuestra Cooperativa. Crear un ambiente de inseguridad y desasosiego en la Cooperativa a través de su conducta agresiva y violenta, la cual afecta la atmósfera de paz y tranquilidad que debe prevalecer en esta comunidad.

b. Agresión agravada: El agravante consiste en haber atacado a una mujer (Sra. Laura Santiago) el día 11 de septiembre de 1977.

c. Agresión agravada: El agravante consiste en haber atacado por la espalda al Sr. John Peña, utilizando ventaja indebida, el día 11 de septiembre de 1977.

d. Difamación.

e. Alteración a la Paz: Uso indebido de un arma de fuego el día 11 de septiembre de 1977."

Celebrada la vista, a la que compareció el querellado asistido de abogado, la Junta halló probados los cargos y determinó que se violaron los incisos (C) y (D) del Art. 10 de la Ley General de Sociedades Cooperativas, 5 L.P.R.A. sec. 890(C) y (D), que en lo aquí pertinente disponen:

"(C) *Separación involuntaria.* Cuando la junta considere que un socio está actuando en contra del interés de la sociedad o de sus fines y propósitos o ha violado o ha incurrido en mora en el cumplimiento de sus obligaciones contraídas con la sociedad, podrá separar el socio y privarlo de sus derechos y beneficios en la sociedad a partir de la fecha de remoción, previa notificación escrita de los cargos dirigida al socio afectado a quien se le concederá una oportunidad razonable de defenderse mediante audiencia ante la junta. El socio así separado podrá apelar de la decisión de la junta dentro de los 10 días siguientes a la fecha en que se le notifique su separación, ante la próxima asamblea de socios que se celebre con posterioridad al acuerdo de la junta.

La asamblea por mayoría de los presentes, previa la correspondiente audiencia, podrá ratificar la decisión de la junta u ordenar la reinstalación del socio, inclusive la restitución de sus derechos y privilegios.

.    .    .    .    .    .    .    .

(D) En el caso de las Cooperativas de Viviendas, [*sic*] cuando la Junta de Directores determine que un socio se encuentra en mora en el cumplimiento de sus obligaciones contraídas con la cooperativa, deberá proceder contra el socio en la forma y conforme al procedimiento que aquí se establece.

(a) La Junta deberá concederle al socio la oportunidad previa de ser oído en una vista celebrada ante ellos mediante

notificación previa hecha con por lo menos 10 días de antelación a contarse desde la notificación. La notificación se efectuará personalmente o por correo certificado a la última dirección conocida del socio.

(b) La notificación incluirá:

(1) la fecha, sitio y hora de la audiencia

(2) una declaración de la autoridad legal para celebrar la audiencia

(3) una declaración corta y sencilla de los asuntos envueltos o cuestiones en controversia.

(c) La audiencia se llevará a cabo de [*sic*] una forma sencilla e informal. No se seguirá estrictamente el procedimiento que señala la ley de evidencia para el sistema judicial.

(d) El socio podrá ir representado o asistido por un abogado.

(e) Si el socio no compareciere a la audiencia, pero demostrare justa causa para su ausencia, la Junta de Directores deberá citar a otra audiencia dentro del plazo más breve posible. De no justificarse la ausencia, la Junta podrá proceder a separarlo como socio, privándole en su totalidad de los derechos que tenga como tal y concederle un término de 30 días para que se desaloje la unidad.

Si el socio no compareciere a esta segunda audiencia y no justificare su ausencia a satisfacción de la Junta, ésta podrá proceder a separarlo como socio, privándole en su totalidad de los derechos que tenga como tal y concederle un término de 30 días para que se desaloje la unidad.

. . . . . . . . .

(i) Revisión

(1) Toda persona que resulte perjudicada por la decisión final de la Junta de Directores, y haya agotado todos los recursos ante la Junta, tendrá derecho a que el Tribunal Superior revise dicha decisión.

(2) Los procedimientos para la revisión judicial habrán de iniciarse radicando en el Tribunal revisador la petición correspondiente dentro de los 15 días de haberse notificado por correo certificado la decisión final de la Junta. Copia de la petición se enviará a la Junta y a las partes envueltas.

(3) La radicación de la petición de revisión judicial no impedirá que se pongan [*sic*] en efecto la decisión de la

Junta a menos que el tribunal revisador ordene la suspensión de la misma mientras esté pendiente la revisión, previa justificación de causa para ello.

(4) Cualquier parte que resulte perjudicada por la sentencia del Tribunal Superior podrá solicitar la revisión de dicho fallo mediante *certiorari,* dentro de los 15 días de archivo en autos de la decisión del Tribunal Superior."

La Junta decretó la separación del querellado como miembro de la Cooperativa y le ordenó desalojar el apartamiento que ocupaba como socio. Entendió la Junta que desde el punto de vista procesal era de aplicación el inciso (D) a que nos hemos referido y conforme a su subinciso (i) informó en su resolución al querellado que podía solicitar revisión al Tribunal Superior dentro de los quince días siguientes a la notificación de su decisión. El querellado así lo hizo y contra la sentencia que oportunamente dictó el Tribunal Superior, en que declaró nulas las actuaciones de la Junta, ésta recurrió ante nos mediante el recurso que aquí consideramos. Basó el tribunal su sentencia en que a su juicio el inciso aplicable era el (C) y que, además, la Junta estaba impedida de actuar porque conforme al Reglamento de la Cooperativa se requerían tres violaciones para que el socio tuviera que comparecer a responder de su conducta ante la Junta de Directores. En consecuencia declaró que el querellado nunca dejó de ser socio de la Cooperativa y se negó a decretar su lanzamiento, que le fue pedido por la Junta. Atendida la petición ante nos, expedimos la siguiente orden para mostrar causa:

"Vista la solicitud de *certiorari* presentada en este caso se concede al recurrido un plazo de 30 días a partir de la notificación de la presente resolución para que muestre causa por la cual no deba expedirse el auto solicitado, a los fines de modificar la sentencia del Tribunal Superior, Sala de San Juan, civil número 77-8486 para disponer que el recurrido pueda, conforme al inciso (C) del artículo 10 de la Ley núm. 291 de 9 de abril de 1946, según enmendada, apelar de la decisión de la Junta de Directores de la Cooperativa de Viviendas Rolling Hills, para ante la próxima asamblea de socios de dicha cooperativa."

La comparecencia del recurrido en obediencia a esta resolución no nos persuade para que variemos el criterio intimado. Entendemos que procede la revocación de la sentencia recurrida.

■ Al examinar el primer párrafo de cada uno de los incisos (C) y (D), antes transcritos, nótese que ambos señalan la "mora en el cumplimiento de las obligaciones" de un socio como razón para mover a la Junta de Directores a tomar medidas correctivas o disciplinarias. Se notará, sin embargo, que el inciso (C) da como razón adicional—la primera que menciona—"que un socio está actuando en contra del interés de la sociedad o de sus fines y propósitos." Se explica la dualidad en la expresión de la "mora" en ambos párrafos porque el inciso (C) se refiere a toda clase de sociedades cooperativas, mientras que el (D), adicionado en 1976 por la Ley Núm. 4, de 11 de febrero de ese año, se refiere exclusivamente a Cooperativas de Viviendas. La exposición de motivos de esta ley da la pauta para interpretar, como así lo hacemos, que la "mora en el cumplimiento de las obligaciones" a que el inciso (D) se refiere es la falta de pago de las aportaciones mensuales que deben hacer los socios. Copiamos de dicha exposición de motivos:

"La crisis económica por la que atraviesan estas cooperativas la produce el alto índice de morosidad en que incurren muchos de sus socios. Estos socios al incumplir sus obligaciones con la cooperativa llevan a ésta a incumplir a su vez los compromisos contraídos con el acreedor hipotecario, hasta el punto que obligarán al tenedor de la hipoteca a ejecutar la misma.

El agente administrador, la Junta de Directores y los representantes legales de las cooperativas de viviendas, se han percatado que los mecanismos legales existentes para el cobro de estas aportaciones, son inadecuadas para resolver este problema tan particular.

La enmienda que aquí se propone, crea, dentro del marco de la Legislación Cooperativa en vigor, un procedimiento que simultáneamente protege los derechos adquiridos por los socios y permite a la Cooperativa cobrar en un corto período de tiempo, las

sumas adeudadas, o disponer de la unidad que disfruta en precario el socio moroso."

■ Esta disposición del inciso (D) no impide que la Junta de Directores de una sociedad cooperativa de viviendas tome acción bajo el inciso (C), aplicable a todas las sociedades cooperativas, no importa su clasificación, contra un socio que incumple otras obligaciones o que observa conducta contraria al interés, fines y propósitos de la cooperativa. Cuando de este tipo de conducta se trata, el procedimiento disciplinario aplicable a todas las cooperativas, incluyendo las de viviendas, es el establecido por dicho inciso (C). Cuando la falta atribuida al socio es la falta de pago de las aportaciones que periódicamente deba hacer a su cooperativa, llámese cuotas, rentas o como se quiera, aplica el inciso (D) si se trata de una cooperativa de viviendas y el (C) en el caso de todas las otras clases de cooperativas.

■ Comoquiera que los cargos imputados al querellado no se refieren a mora en el pago de aportaciones y sí a conducta reñida con los fines de la cooperativa, debió aplicarse el inciso (C), en virtud del cual el querellado debió apelar ante la próxima asamblea de la Cooperativa de Viviendas Rolling Hills y no recurrir mediante procedimiento de revisión al Tribunal Superior.[1] Este segundo procedimiento—la revisión ante el Tribunal Superior—es aplicable exclusivamente a cooperativas de viviendas, pero solamente en el caso de mora en el pago de las aportaciones económicas que el socio debe hacer.

No obstante lo expresado, el recurrido fue inducido erróneamente en este caso por la Junta de Directores, a acogerse al procedimiento establecido en el inciso (D), al señalarle la Junta su derecho a recurrir al Tribunal Superior dentro de

---

[1] El recurrido ha señalado que este Tribunal carece de jurisdicción porque el recurso de *certiorari* instado por la Cooperativa fue presentado pasado el plazo que para ello fija el inciso (D) de la ley. Este problema jurisdiccional es inexistente, precisamente porque el inciso (D) no es el que aplica al caso de autos.

quince días de notificádale su decisión. Concluyó correctamente el tribunal de instancia que el recurso disponible al querellado era la apelación a la próxima asamblea de socios y así debió disponer en su sentencia en aras de una cumplida justicia.

Concluyó, sin embargo, el tribunal de instancia que fue nula la actuación de la Junta en este caso porque el inciso aplicable era el (C), y porque conforme a los Reglamentos de la Cooperativa se requerían tres violaciones para que un socio tuviera que comparecer ante la Junta. Discrepamos. La actuación de la Junta no es nula, ni es anulable, por el hecho de haberse acogido, en cuanto al procedimiento seguido, a lo dispuesto por el inciso (D). Este procedimiento es substancialmente igual al del inciso (C) en cuanto a requisitos de notificación de cargos, oportunidad de defenderse y ser oído, asistencia de abogado, y demás exigencias del debido proceso de ley. De hecho, es más específico que el otro. En lo que difieren es en los medios prescritos para revisar la actuación de la Junta una vez ésta ha hecho una determinación final del caso. El hecho de que la Junta orientara mal al querellado en cuanto a su derecho de apelación no anula su dictamen. Su efecto ha de ser más bien dilatar su ejecución si es que éste se sostuviere eventualmente luego de darse oportunidad al querellado de acogerse al procedimiento revisor aplicable. Véase, por vía de comparación, *García* v. *Adm. del Derecho al Trabajo,* 108 D.P.R. 53 (1978).

En cuanto al aspecto de las tres violaciones a que se refirió el Tribunal de instancia, ciertamente el "Manual de Socio" de la Cooperativa, al que se alude como parte de "los Reglamentos", señala que "tres violaciones de los reglamentos . . . resultarán en que el socio tendrá que comparecer ante la Junta de Directores." (Penúltimo párrafo de dicho "Manual".) No nos parece juicioso requerir que las tres violaciones ocurran en tres ocasiones distintas o separadas para

que se consideren como tales. Aquí se imputó al querellado que en una misma fecha—11 de septiembre de 1977—atacó a una mujer, que era persona relacionada con la Cooperativa; agredió por la espalda, haciendo uso de una navaja, a otra persona que también estaba relacionada con la Cooperativa; y alteró la paz mediante el uso de un arma de fuego; tres violaciones separadas, ocurridas en una misma fecha. Y se le imputó, además, amenazar con interrumpir mediante la violencia, días antes de su celebración, una asamblea de socios y residentes de la Cooperativa, y haber hecho manifestaciones difamatorias. No podemos convenir en que no se le imputaron tres o más violaciones.

El cooperativismo está inspirado en los más bellos principios de convivencia humana. Leemos en la exposición de motivos de la Ley General de Sociedades Cooperativas de Puerto Rico, 5 L.P.R.A., anotación a la Sec. 881, frases como las siguientes: "Hay la necesidad de forjar en las masas de nuestro pueblo un gran sentido de solidaridad humana y de unión en el esfuerzo común . . . . crear un nuevo concepto de la vida en la reorganización social y económica que dé un valor más alto a la civilización y que realice las aspiraciones más puras de una verdadera democracia cristiana . . . . desarrollar . . . un verdadero sentido de responsabilidad . . . . cultivar . . . [las] facultades creadoras de [nuestro pueblo] . . . combatir el llamado individualismo y la honda división social existente entre los distintos grupos económicos de nuestro pueblo." La filosofía cooperativista requiere de cada socio, particularmente si se trata de una cooperativa de viviendas, un espíritu de tolerancia, de respeto, y de consideración a los demás socios. Exige de cada uno, en fin, hacer de su quehacer, respecto a los demás, una diaria vivencia en el cristiano mandamiento del amor. Cuando la conducta de un socio es de tal naturaleza que vulnera y hace peligrar la consecución de esos nobles principios, la actuación de la Junta de Directores no debe hacerse esperar, aun si fuese la primera ofensa del infractor.

*Se expedirá el auto, se revocará la sentencia recurrida, y se dispondrá que el querellado y aquí recurrido Aníbal Rodríguez Colón quede autorizado para apelar de· la decisión de la Junta de Directores de la Cooperativa de Viviendas Rolling Hills, dentro de los diez días siguientes a la fecha en que se notifique el mandato de este Tribunal, para ante la próxima asamblea de socios que con posterioridad al vencimiento de dicho plazo de diez días celebre la mencionada Cooperativa.*