BAUTISTA RIVERA PADILLA y OTROS, demandantes y recurridos, *v.* COOPERATIVA DE GANADEROS DE VIEQUES, demandada y peticionaria.

*Número:* O-80-504          *Resuelto:* 20 de enero de 1981

622

*Israel Delgado Ramos* y *José Orlando Grau,* abogados de la peticionaria; *Pedro A. Cintrón Rivera,* abogado de los recurridos.

PER CURIAM: Los obreros recurridos instaron contra la cooperativa peticionaria una reclamación para el pago de horas extras al amparo de la Ley Núm. 379 de 15 de mayo de 1948 (29 L.P.R.A. sec. 271 *et seq.*). El patrono solicitó la desestimación del pleito por no haberse agotado los remedios que ofrecía el convenio vigente entre las partes por el período que abarcaba la querella. El Art. 7 del convenio establecía un procedimiento para resolver las quejas que pudiesen surgir entre las partes. Los obreros se opusieron a la desestimación aduciendo, en esencia, que su querella no se fundaba en una violación del convenio, sino en infracciones a la Ley Núm. 379, por lo que su reclamación no era arbitrable.

El tribunal de instancia denegó la moción para desestimar. En alzada, dictamos orden para mostrar causa por la cual no debe revocarse tal resolución.

En Estados Unidos existe conflicto de opiniones sobre si deben agotarse los remedios que ofrezca el convenio, antes de incoar demanda en los tribunales bajo la Ley Federal de Normas Razonables del Trabajo. En los siguientes casos, entre muchos otros, se exige que se acuda primeramente al procedimiento que provea el convenio. *Beckley* v. *Teyssier,* 332 F.2d 495, 497 (9th Cir. 1964); *Donahue* v. *Susquehanna Collieries Co.,* 160 F.2d 661, 664 (3rd Cir. 1947); y *State* v. *Berry,* 434 P.2d 471 (Or. 1967). Para la posición contraria, consúltense: *Thompson* v. *Iowa Beef Packers, Inc.,* 185 N.W.2d 738 (Iowa 1971), *cert.* desestimado por haberse expedido indebidamente:

405 U.S. 228 (1972); *Phillips* v. *Carborundum Company*, 361 F.Supp. 1016, 1020–21 (W.D. N.Y. 1973); *Leone* v. *Mobil Oil Corporation*, 523 F.2d 1153, 1155–58 (D.C. Cir. 1975). Compárese también la crítica a *Leone* en 10 Geo. L. Rev. 843 (1976) con la nota en 18 Wayne L. Rev. 1465 (1972). El Tribunal Supremo de Estados Unidos ha favorecido el arbitraje respecto a ciertos estatutos y en cuanto a otros no. *Textile Workers Union* v. *Lincoln Mills of Ala.*, 353 U.S. 448, 451 (1956); *United States Bulk Carriers* v. *Arguelles*, 400 U.S. 351, 357 (1970); *Alexander* v. *Gardner-Denver Co.*, 415 U.S. 36, 59–60 (1973); *Gateway Coal Co.* v. *Mine Workers*, 414 U.S. 368, 378–80 (1973). El Tribunal Supremo de los Estados Unidos, sin embargo, no se ha expresado sobre este problema en el contexto de la Ley Federal de Normas Razonables del Trabajo.

El problema planteado en este pleito ha sido, por lo contrario, motivo de resolución expresa en Puerto Rico. En *Pérez* v. *Autoridad Fuentes Fluviales*, 87 D.P.R. 118, 129 (1963), se trataba, como aquí, de una reclamación directa ante los tribunales por horas extras adeudadas bajo la misma ley invocada en este caso, la Ley Núm. 379 de 15 de mayo de 1948 (29 L.P.R.A. sec. 271 *et seq.*). También, al igual que aquí, existía un convenio que contenía un procedimiento de arbitraje, al cual no se había acudido. Resolvimos, con carácter prospectivo:

(1) que un patrono y una organización obrera pueden acordar válidamente en un convenio colectivo que las controversias sobre salarios y horas extra se ventilen y decidan mediante el procedimiento de arbitraje acordado en el convenio, y (2) que bajo un convenio válido y una cláusula de arbitraje que exprese que todas las querellas o reclamaciones que surjan o que puedan surgir en relación con o con motivo de las disposiciones del convenio y de cuya cláusula de arbitraje no se excluya lo relativo a salarios, se pueden resolver y se resolverán las controversias sobre salarios y horas extra mediante dicho arbitraje.

624

Véanse también: *Nazario* v. *Hull Dobbs of P.R., Inc.*, 102 D.P.R. 568 (1974); *Sria. del Trabajo* v. *Hull Dobbs*, 101 D.P.R. 286 (1973); Fernández, *El Arbitraje Obrero-Patronal en Puerto Rico*, 35 Rev. Jur. U.P.R. 7, 25, 38, 56–60 (1966). Adviértase que la cláusula de arbitraje envuelta en este caso es extraordinariamente amplia, tan amplia como las discutidas en *Pérez* y los otros casos aquí citados. Consúltese además a *Nazario* v. *Tribunal Superior*, 98 D.P.R. 846, 849 (1970).

*Por las consideraciones expuestas, se expide el auto, se revoca la resolución recurrida y se desestima el pleito.* Los demandantes-recurridos podrán acudir, si así lo desean, al procedimiento de arbitraje que dispone el convenio.