ADELI ORTIZ ORTIZ, demandante, *v.* COOPERATIVA DE AHORRO Y CRÉDITO DE CRISTÓBAL RODRÍGUEZ HIDALGO, demandada y recurrida.

*Números:* RE-87-251 *Resueltos:* 28 de diciembre de 1987
 CE-87-276

---

[2] Citado por A.V. Fernández, *Función Creadora del Juez*, Buenos Aires, Ed. Abeledo-Perrot, 1970, pág. 9.

*Rafael Ortiz Carrión, Procurador General, Lorenzo Vilanova Alfonso, Procurador General Auxiliar,* abogados del Inspector de Cooperativas de Puerto Rico, recurrente; *Efraín Espada Reyes,* abogado de la peticionaria; *Luis Miranda Correa,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Resolvemos en estos recursos consolidados, que el Inspector de Cooperativas de Puerto Rico no tiene jurisdicción, bajo la Ley General de Sociedades Cooperativas de Puerto Rico, según enmendada, 5 L.P.R.A. secs. 899–900, para intervenir y dilucidar una reclamación instada por el administrador de una cooperativa de ahorro y crédito contra la Junta de Directores que lo cesanteó de su cargo. Al así resolver cumplimos con nuestra obligación fundamental de imprimirle efectividad a la manifiesta intención legislativa y, a su vez, propiciar el interés público en casos como el presente. *Díaz Marín v. Mun. de San Juan,* 117 D.P.R. 334 (1986).

Adeli Ortiz Ortiz trabajó, durante 10 años, como Administrador de la Cooperativa de Ahorro y Crédito Cristóbal Rodríguez Hidalgo (Cooperativa). La Junta de Directores de la Cooperativa acordó declarar vacante la plaza de Administrador a partir del 28 de junio de 1986. Por no estar conforme el señor Ortiz Ortiz presentó demanda contra la Cooperativa, su Junta de Directores, su Comité de Supervisión,(1) su sucesora y el Inspector de Cooperativas de Puerto Rico. Se alegó que la llamada destitución se hizo sin previa formulación de cargos, en contravención a la Sec. 9 del Art. VIII del Reglamento de la Cooperativa; que las disposiciones del Re-

---

(1) Los directores y miembros del Comité de Supervisión fueron demandados como miembros de dichos cuerpos y en su carácter personal.

glamento son nulas por confligir con las disposiciones del Código Civil sobre los derechos contractuales, y que su destitución es parte de una campaña difamatoria por motivaciones políticas. El demandante solicitó los remedios siguientes:

> POR TODO LO CUAL, con todo respeto se solicita del Honorable Tribunal que declare CON LUGAR la presente demanda y en su consecuencia declare ilegal y por tanto nulo el despido del demandante por la parte demandada, ordene a la parte demandada reinstalar en su puesto de Administrador al demandante, con todos los derechos y prerrogativas inherentes a dicho cargo, condene a la parte demandada al pago de todos los salarios dejados de percibir por el demandante hasta que se le reinstale en su puesto; al pago de $500,000.00 por los daños y perjuicios ocasionados a la reputación, buen nombre, prestigio profesional, a la salud, física y emocional y la pérdida de oportunidad de un empleo de similar categoría y paga al que fue despedido, más la suma de $50,000.00 por concepto de Honorarios de Abogado y con cualquier otro pronunciamiento procedente en derecho y dicte sentencia declaratoria declarando nulo e ilegal el despido del demandante. Demanda de 16 de junio de 1986, pág. 14.

Los demandados, con excepción del Inspector de Cooperativas, presentaron una moción de desestimación por razón de que la jurisdicción para entender en asuntos de cooperativismo reside en primera instancia en la Oficina del Inspector de Cooperativas, cuya decisión es revisable por la Junta de Apelaciones establecida por la Ley General de Sociedades Cooperativas de Puerto Rico, 5 L.P.R.A. sec. 900. Según la doctrina de agotamiento de remedios administrativos, los codemandados sostuvieron que el tribunal carecía de jurisdicción para entender en el pleito y, en la alternativa, que el caso debía transferirse a la Oficina del Inspector de Cooperativas para que allí se resuelvan las cuestiones planteadas en la demanda *que fueran de su incumbencia.*

Por su parte el Inspector de Cooperativas también pidió la desestimación de la acción. En primer término, el Inspector sostuvo que no surgen alegaciones contra él y que solamente fue traído al pleito para defender la legalidad del Reglamento. El Inspector arguyó que su oficina tiene jurisdicción primaria para emitir juicio sobre la validez de la disposición reglamentaria. En cuanto a la reclamación como tal sostuvo que él no tenía jurisdicción sobre ella por tratarse de una de naturaleza obrero-patronal, que cae bajo el ámbito de la Ley de Relaciones del Trabajo de Puerto Rico. Alegó que en los únicos casos en que el Inspector tiene jurisdicción para intervenir es en un despido de miembros del Comité de Supervisión y de la Junta de Directores de las cooperativas. Art. 13-A y 14 de la Ley General de Sociedades Cooperativas de Puerto Rico, 5 L.P.R.A. secs. 893a y 894.

El Tribunal Superior, Sala de Aibonito, acogió el planteamiento de los demandados privados, desestimó la demanda y ordenó el traslado del caso a la Oficina del Inspector de Cooperativas. El demandante acudió a este Tribunal mediante recurso de *certiorari*.[2] El Procurador General instó, en representación del Inspector de Cooperativas, una petición de revisión. Consolidamos los recursos y revisamos mediante orden para mostrar causa. Estamos en posición de resolver.

I

Para resolver esta controversia es menester considerar, en primer término, cuáles son los poderes, atribuciones y facultades del Inspector de Cooperativas. La Ley Núm. 19 de 22 de abril de 1980 (5 L.P.R.A. sec. 899–900a) nos brinda una guía adecuada para ello. En su Exposición de Motivos se señala que:

---

[2] Por tratarse de una sentencia final el recurso apropiado es el de revisión.

La Oficina del Inspector de Cooperativas tiene la obligación legal de supervisar y fiscalizar las operaciones de todas las cooperativas organizadas en Puerto Rico. Ínsito a las funciones de fiscalización se encuentra la obligación de atender querellas. Para poder desempeñar eficazmente sus funciones es indispensable que esté provista de facultades y poderes coercitivos. Esta ley establece con claridad esos poderes que son imperativos para fiscalizar el cumplimiento de las leyes cooperativas. La presente ley establece un procedimiento para ventilar y adjudicar las querellas presentadas por los socios o personas afectadas por actuaciones de las cooperativas. Esta medida tiene por objeto garantizar a las cooperativas, a los socios y a las personas afectadas la debida atención a sus problemas, y deja claramente establecida una facultad que por años ha estado ejerciendo la Oficina del Inspector de Cooperativas.

Como parte de esa protección a los derechos de los socios de cooperativas y de otras personas afectadas se extiende a éstos el derecho a recurrir ante la Junta de Apelaciones. Este recurso facilita y acelera el logro de una solución por un organismo especializado con personal profesional y técnico altamente competente.

Por último, establece el procedimiento a seguirse en la revisión judicial de las decisiones de la Junta de Apelaciones. 1980 Leyes de Puerto Rico 55–56.

Entre los poderes que tiene dicha oficina están los siguientes:

(6) Atender, investigar y resolver querellas presentadas por las cooperativas, socios cooperativistas o de cualquier persona afectada por una actuación de cooperativa.

. . . . . . . .

(8) Interponer cualesquiera remedios legales que fueran necesarios para hacer efectivos los propósitos de las secs. 881 a 909 de este título y hacer que se cumplan las reglas, reglamentos, órdenes, resoluciones y determinación de la agencia.

. . . . . . . .

(10) Imponer multas tanto a la cooperativa como a sus funcionarios en su carácter personal, por cualquier violación a las

secs. 881 a 909 de este título, excepto las secs. 896 y 903, cuya infracción se castigará de acuerdo con lo dispuesto en dichas secciones, a los reglamentos, órdenes o resoluciones de esta agencia. El Inspector tendrá facultad para imponer multas hasta un máximo de dos mil (2,000) dólares.

(11) El Inspector, o el funcionario que éste designe, tendrá facultad para emitir las siguientes sanciones y órdenes:

(a) Previa notificación y vista, imponer multas administrativas por violaciones a las secs. 881 a 909 de este título o las reglas, reglamentos, órdenes o resoluciones aprobados o dictados por la Oficina a tenor con las secs. 881 a 909 de este título.

(b) Previa notificación y vista podrá emitir órdenes para cesar y desistir, y prescribir los términos, condiciones correctivas que por la evidencia a su disposición, y a tenor con el derecho aplicable, se determine. Podrá emitir dicha orden, con carácter provisional, si a criterio del Inspector se cause o se pueda causar un grave daño inmediato obviando el requisito de celebrar vista. Dentro de los diez días posteriores a la emisión de dicha orden provisional, el Inspector deberá celebrar una vista administrativa en la que resolverá, si dicha orden provisional se hace permanente o se revoca. Las órdenes emitidas bajo este inciso serán notificadas a las personas afectadas por correo certificado.

(c) El Inspector podrá recurrir al Tribunal Superior de Puerto Rico, en solicitud que se ponga en vigor cualquier orden de cesar y desistir por él emitida, o cualquier orden correctiva.

. . . . . . . .

(13) Realizar todos aquellos actos necesarios y convenientes para el logro más eficaz de los propósitos de las secs. 881 a 909 de este título.

(14) El Inspector tendrá todos los otros deberes, derechos, facultades y obligaciones que se le imponen o confieren en otras de las secciones 881 a 909 de este título u otras leyes sobre cooperativas. 5 L.P.R.A. sec. 899.

El Art. 19A de la Ley General de Sociedades Cooperativas de Puerto Rico, 5 L.P.R.A. sec. 900, crea una Junta de

Apelaciones para entender en las apelaciones de las decisiones del Inspector. La decisión de la Junta de Apelaciones puede ser revisada por el Tribunal Superior. Art. 19B, 5 L.P.R.A. sec. 900a.

Por otro lado, los Arts. 13 y 14 establecen el procedimiento para el nombramiento y destitución de los directores y funcionarios de las cooperativas, y el Art. 14 dispone que un administrador o empleado no puede ser director al mismo tiempo. 5 L.P.R.A. secs. 893–894.

 Una lectura integral del Art. 19 y el resto de la ley revela que el Inspector de Cooperativas puede, según los poderes generales que le confiere el Art. 19, atender quejas y revisar las decisiones sobre la destitución, separación o cesantía de un funcionario, sea éste director o miembro del comité de supervisión. Ello es debido a que la relación entre éstos y las cooperativas están específicamente regidas por la ley, especialmente por los Arts. 13 y 14, *ante*, pero no le concede el poder de intervenir en la relación privada entre la cooperativa, sus funcionarios y los administradores o empleados, ya que esta relación obrero-patronal no está regida por la ley ni siquiera en forma general. Así parece aceptarlo el tribunal de instancia al fundar su decisión en que el Inspector de Cooperativas debe entender en toda la controversia por razón de que en la demanda se alega que el despido o cesantía se hizo en contravención a las disposiciones del Reglamento de la Cooperativa demandada. Al así resolver incidió.

## II

Este es un caso que de primera impresión plantea la relación entre las doctrinas de jurisdicción primaria, el agotamiento de remedios administrativos, y las funciones y facultades de la Oficina del Inspector de Cooperativas. Nuestras decisiones sobre controversias entre empleados o socios de

las cooperativas no han tenido que expresarse al respecto. Veamos algunos ejemplos. *Rivera* v. *Coop. de Ganaderos de Vieques*, 110 D.P.R. 621 (1981), versaba sobre los derechos de los empleados según el convenio colectivo que regía la relación obrero-patronal. Resolvimos que los obreros tenían que someter sus reclamaciones para el pago de horas extras al procedimiento de arbitraje.

En *Coop. de Viviendas* v. *Rodríguez*, 108 D.P.R. 632 (1979), interpretamos los incisos (C) y (D) del Art. 10 de la Ley General de Sociedades Cooperativas de Puerto Rico, 5 L.P.R.A. sec. 890(C) y (D), que regulan el procedimiento para la separación de socios de cooperativas. Resolvimos que cuando la causa de la separación es que el socio ha actuado contra los intereses de la sociedad, el socio podrá apelar dentro de 10 días, ante la próxima asamblea de socios y que, en el caso de cooperativas de viviendas, si la causa es la mora en el pago de sus obligaciones, debe acudir directamente al Tribunal Superior. Nada dijimos, por no estar planteado, sobre la función, si alguna, del Inspector de Cooperativas en estos casos.[3]

---

[3] En términos generales allí señalamos que:

"El cooperativismo está inspirado en los más bellos principios de convivencia humana. Leemos en la exposición de motivos de la Ley General de Sociedades Cooperativas de Puerto Rico, 5 L.P.R.A., anotación a la Sec. 881, frases como las siguientes: 'Hay la necesidad de forjar en las masas de nuestro pueblo un gran sentido de solidaridad humana y de unión en el esfuerzo común ... crear un nuevo concepto de la vida en la reorganización social y económica que dé un valor más alto a la civilización y que realice las aspiraciones más puras de una verdadera democracia cristiana ... desarrollar ... un verdadero sentido de responsabilidad ... cultivar ... [las] facultades creadoras de [nuestro pueblo] ... combatir el llamado individualismo y la honda división social existente entre los distintos grupos económicos de nuestro pueblo.' La filosofía cooperativista requiere de cada socio, particularmente si se trata de una cooperativa de viviendas, un espíritu de tolerancia, de respeto, y de consideración a los demás socios. Exige cada uno, en fin, hacer de su quehacer, respecto a los demás, una diaria vivencia en el cristiano mandamiento del amor. Cuando la conducta de un socio es de tal naturaleza que vulnera y hace peligrar la consecución de esos nobles principios, la actuación de la Junta de Directores no debe hacerse esperar, aun si fuese la primera ofensa del infractor." *Coop. de Viviendas* v. *Rodríguez*, 108 D.P.R. 632, 641 (1979).

Nótese que la Ley Núm. 39 de 24 de mayo de 1983, Leyes de Puerto Rico, pág. 68, alteró dicho procedimiento. En los casos de cooperativas de viviendas el socio separado siempre debe acudir directamente al Tribunal Superior. En ningún caso puede acogerse al procedimiento administrativo en la Oficina del Inspector de Cooperativas.

El caso que más se asemeja al presente es el de *Chaves* v. *Coop. de Crédito de Isabela*, 103 D.P.R. 892 (1975).[4] Allí al igual que aquí, la Junta de Directores de la Cooperativa decidió prescindir de los servicios de la Administradora. Ella demandó a la Cooperativa porque alegaba que, aunque no se dispuso en el contrato escrito, se pactó un término de dos años de duración. Reclamó una suma por el tiempo que le faltaba para completar los dos años y otra por concepto de vacaciones acumuladas. El Tribunal Superior declaró con lugar la demanda. Revocamos, excepto en cuanto a la obligación de la demandada de pagar las vacaciones acumuladas, por no haberse probado que el contrato era por dos años. Para ello utilizamos la regla de evidencia extrínseca (*parole evidence rule*), 32 L.P.R.A. Ap. IV, R. 69(A). Dicho caso se tramitó como una demanda ordinaria sobre cumplimiento de contrato sin plantearse la facultad del Inspector de Cooperativas para intervenir en la controversia. En este caso nos toca resolver directamente este planteamiento.

■ La jurisdicción primaria ocurre tan sólo cuando existe jurisdicción concurrente entre el procedimiento administrativo y el sistema judicial, y se aplica específicamente cuando la situación presenta cuestiones de derecho que requieren el ejercicio de la discreción y del conocimiento especializado de la agencia administrativa. *First Fed. Savs.* v.

---

[4] Resuelto antes de las enmiendas fundamentales de la Ley Núm. 19 de 22 de abril de 1980. Es en dicha ley que se le otorga expresamente al Inspector la facultad de atender, investigar y resolver querellas; Art. 19(6) (5 L.P.R.A. sec. 899(6)).

*Asoc. de Condómines*, 114 D.P.R. 426 (1983); *Vélez Ramírez* v. *Romero Barceló*, 112 D.P.R. 716 (1982); *Ferrer Rodríguez* v. *Figueroa*, 109 D.P.R. 398 (1980). Véanse, además, otras situaciones en las que se ha interpretado la doctrina: *García Cabán* v. *U.P.R.*, 120 D.P.R. 167 (1987); *Clemente* v. *Depto. de la Vivienda*, 114 D.P.R. 763 (1983); *Pierson Muller I* v. *Feijoó*, 106 D.P.R. 838 (1978); *Otero Martínez* v. *Gobernador*, 106 D.P.R. 552 (1977).

■ Lo determinante en este caso es si la Asamblea Legislativa dispuso expresamente que la Oficina del Inspector de Cooperativas fuera el foro llamado a intervenir. *First Fed. Savs.* v. *Asoc. de Condómines*, ante, pág. 439.[5] Como apuntamos en *Vélez Ramírez* v. *Romero Barceló*, ante, pág. 725, cuando surge claramente que no hay jurisdicción, ningún be-

---

[5] En *Ferrer Rodríguez* v. *Figueroa*, 109 D.P.R. 398, 401–402 (1980), expusimos la teoría aplicable:

"La base teórica de lo que antecede es de interés. Esta debe exponerse brevemente para definir los límites de esta decisión. No estamos en verdad ante un caso de jurisdicción primaria exclusiva, sino de lo que se conoce como verdadera jurisdicción primaria o, para precisar mejor su significado, la doctrina de la prelación entre tribunales con jurisdicción concurrente. Véase: Botein, *Primary jurisdiction: the Need for Better Court/Agency Interaction*, 29 Rutgers L. Rev. 867 (1976). En cuanto a la incertidumbre que tradicionalmente ha asediado este campo en Estados Unidos, véase: Jaffe, *Primary Jurisdiction*, 77 Harv. L. Rev. 1037, 1038–41 (1964). La verdadera jurisdicción concurrente entre el proceso administrativo y el sistema judicial.

"En este último género de litigios el problema consiste en resolver cuál foro es el más apropiado para proceder primero. A distinción de los pleitos de jurisdicción primaria exclusiva, en que se priva a los tribunales de todo poder sobre el caso, la verdadera jurisdicción primaria únicamente suspende o dilata la intervención judicial. Se han aducido diversas razones para justificar la deferencia a la agencia administrativa en casos de jurisdicción concurrente: la destreza o pericia de la agencia, la prontitud usual del proceso de decisión, el uso de técnicas de adjudicación más flexibles y muchas otras. Botein, *supra*, 878 y ss. No es aconsejable establecer normas uniformes, aplicables a todas las agencias y a todos sus casos. Cada situación exige conjugar estos factores y considerar las circunstancias que apuntan o no a la conveniencia de permitir que la controversia se dilucide inicialmente en el foro administrativo. Es lo que hemos intentado hacer en este caso."

neficio se obtiene al obligar al litigante a mantenerse en la agencia.

■ En el caso ante nos la reclamación no cae bajo las facultades del Inspector. Es una reclamación estrictamente privada para cuya solución la agencia no tiene ningún conocimiento especializado. Por el contrario, son los tribunales los llamados a dirimir la controversia. Están involucrados los derechos contractuales y estatutarios que cobijan al demandante si la prueba así lo demuestra. El tribunal tiene que decidir, entre otras cosas, si ésta es una acción por despido injustificado, si proceden daños independientes o adicionales por las alegadas actuaciones difamatorias y discriminatorias, y si las disposiciones del Reglamento confligen con los derechos contractuales regidos por el Código Civil. Al tribunal le corresponde, en primer lugar, resolver el caso. El mero hecho de la impugnación del Reglamento de la Cooperativa no amerita que se remita a la agencia administrativa la totalidad de la controversia.

■ Además, este es el caso típico en que estamos ante el reclamo de un remedio que la agencia no puede conceder. *Vélez Ramírez* v. *Romero Barceló*, ante, pág. 728. La Oficina del Inspector de Cooperativas no es, para este tipo de casos, un organismo cuasi judicial. La Oficina del Inspector no está diseñada para evaluar daños en una controversia privada.

Por otro lado, el hecho de preterir el cauce administrativo no afecta, en forma alguna, el interés público protegido por la Ley General de Sociedades Cooperativas de Puerto Rico.(6) Véase Exposición de Motivos, Ley Núm. 19, *ante*. No es este el caso en que el Inspector tenga interés legítimo de fiscalizar y velar por que los funcionarios de las cooperativas

---

(6) El propio Inspector de Cooperativas alega que no tiene poder o facultad para intervenir.

sean personas honestas, idóneas y totalmente dedicadas a fomentar el movimiento cooperativo.

*Se dictará sentencia de conformidad con lo aquí expuesto.*

El Juez Asociado Señor Hernández Denton emitió voto particular.

—O—

Voto particular emitido por el Juez Asociado Señor Hernández Denton.

Estoy de acuerdo con la opinión del Tribunal de que procede la revocación del dictamen del Tribunal Superior que ordena el traslado del caso a la Oficina del Inspector de Cooperativas para que resuelva la controversia planteada.

Un análisis de la Ley General de Cooperativas de Puerto Rico, 5 L.P.R.A. sec. 881 *et seq.*, y la comparecencia del Inspector de Cooperativas demuestran que el ámbito de su intervención se ha limitado a cuestiones relacionadas con las funciones de las cooperativas, los deberes y los derechos de sus socios y las operaciones financieras de esas entidades. De su marco operacional se desprende que "[b]ajo ningún concepto puede entenderse que fue la intención del legislador incluir dentro del ámbito fiscalizador del Inspector de Cooperativas controversias laborales entre los cuerpos directivos de las sociedades cooperativas y sus empleados". Petición de Revisión, pág. 7.

Una evaluación de la Ley General de Cooperativas de Puerto Rico y su historial legislativo corroboran esta interpretación del Procurador General. Su función básica es de fiscalizador de las cooperativas. Por lo tanto, incidió el Tribunal Superior al ordenar el traslado de esta reclamación por despido ilegal al foro administrativo. Contrario a la conclusión del tribunal a quo, el Inspector de Cooperativas no tiene

jurisdicción primaria *exclusiva* para *adjudicar* esta controversia laboral entre el ex Administrador de una cooperativa y su Junta de Directores.

Sin embargo, aun desde la óptica de la doctrina de verdadera jurisdicción primaria —*First Fed. Savs.* v. *Asoc. de Condómines*, 114 D.P.R. 426 (1983), y *Ferrer Rodríguez* v. *Figueroa*, 109 D.P.R. 398, 401–402 (1980)— la controversia de este caso no presenta cuestiones de hechos que requieran el ejercicio de discreción ni peritaje administrativo. *E.L.A.* v. *12,974.78 Metros Cuadrados*, 90 D.P.R. 506, 511 (1964). Todo lo contrario. La controversia es de daños y perjuicios, fundada en la violación de un reglamento de una entidad cooperativa. El asunto es particularmente apropiado para el foro judicial, que tiene los poderes y los instrumentos para conceder el remedio solicitado.

En las circunstancias específicas de este caso cualquier otra solución constituiría una dicotomía artificial del proceso, totalmente contraria a los principios fundamentales de flexibilidad y eficiencia que caracterizan el derecho administrativo. Véase B. Schwartz, *Administrative Law*, 2da ed. Boston, Little, Brown & Co., 1984, Sec. 8.27, págs. 494–495. Así evitamos que por *fiat judicial* se le ordene a una agencia que adjudique una controversia *laboral* que no está preparada para resolver.

Finalmente, tampoco es aplicable a la situación de autos la doctrina de agotamiento de remedios administrativos que se utiliza para determinar cuándo los tribunales revisan una decisión sobre una controversia previamente sometida a la agencia. *Vélez Ramírez* v. *Romero Barceló*, 112 D.P.R. 716 (1982). En *Hernández* v. *Asoc. Hosp. del Maestro*, 106 D.P.R. 72 (1977), extendimos su alcance a las controversias sobre cancelación de privilegios médicos en un hospital privado que tenía un reglamento con un procedimiento interno para cuestionar la decisión de la facultad médica. Sin embargo, en este caso no es necesario considerar la aplicación

de esta doctrina de autolimitación judicial, porque el ex Administrador fue despedido por la Junta de Directores y no había un remedio administrativo disponible para cuestionar la decisión.