JULIA RIVERA DE VINCENTI, querellante y recurrente, *v.* HULL DOBBS OF PUERTO RICO, INC. y OTROS, querellada y recurridos.

*Número:* O-72-143        *Resuelto:* 18 de abril de 1973

*Angel Alfonso Colón* y *Rafael A. Marzand Robles,* abogados de la recurrente; *Orlando J. Antonsanti* y *Ernesto González Piñero,* abogados de los recurridos.

PER CURIAM: Acogiéndose a la ley especial sobre reclamaciones de salarios (Ley Núm. 2 del 17 de octubre de 1961, 32 L.P.R.A. secs. 3118–3132), el querellante, representado por la Secretaria del Trabajo, aquí peticionaria, en 13 de enero de 1971 inició ante el Tribunal Superior, Sala de San Juan, una querella contra Hull Dobbs of Puerto Rico, Inc., y otros reclamándoles el pago de una suma de dinero que alegadamente se le adeudaba por concepto de vacaciones acumuladas y no disfrutadas, más una suma igual por concepto de penalidad. La reclamación cubre el período de noviembre de 1955 al 15 de enero de 1969.

La parte querellada compareció en autos y, entre otras, planteó la defensa de que durante parte del período a que se contrae la querella, existían convenios colectivos entre la unión que representaba al querellante y la querellada, con una cláusula que exigía que toda controversia que surgiera, como la objeto de la querella, sería sometida a arbitraje, lo cual ni el trabajador beneficiario ni sus representantes habían hecho. Además, alegó que toda reclamación cubriendo un período en exceso de diez años se encontraba prescrita.

Para la consideración y adjudicación de estas defensas, el tribunal de instancia celebró una vista. Posteriormente, dictó sentencia parcial en la que se hace constar una estipulación de las partes en el sentido de que:

"[d]esde el 9 de noviembre de 1960 hasta el cese del querellante en el año 1969 y hasta el 9 de diciembre de 1972 han existido convenios colectivos con mecanismos adecuados para entender en disputas como la que nos ocupa."

Se refieren las partes a que los convenios colectivos bajo los cuales operaban proveían un procedimiento de arbitraje para la solución de controversias que surgiesen con motivo del convenio. Como dijimos al principio, la querella

cubre el período desde el mes de noviembre de 1955 al 15 de enero de 1969. Basado en lo resuelto por este Tribunal en *Pérez* v. *Autoridad Fuentes Fluviales*, 87 D.P.R. 118 (1963), la sala de instancia dividió en dos períodos la reclamación tomando como base divisoria la fecha de nuestra decisión en *Pérez*, supra, 25 de enero de 1963. Como es sabido, en *Pérez* enunciamos la regla, con efecto desde esa fecha, que la controversias sobre salario y horas extras pueden ser sometidas a arbitraje, o excluidas de ese remedio, y que, de ser arbitrable la materia, un tribunal deberá desestimar la querella cuando el querellante no se hubiese valido del remedio provisto en el convenio.

Considerada la estipulación de las partes antes dicha, la sala de instancia decretó la desestimación de la reclamación en lo que se refiere al período posterior al 25 de enero de 1963, fecha de nuestra decisión en *Pérez*, sin perjuicio de que el querellante acudiera al procedimiento de arbitraje dispuesto en el convenio; dejó abierto el caso para continuar entendiendo sobre la reclamación por el período con anterioridad al 25 de enero de 1963 (fecha de la decisión en *Pérez*, supra) y hasta el 15 de enero de 1959; y desestimó, por prescripción de diez años, la acción cubriendo el período comprendido entre noviembre de 1955 y hasta el 14 de enero de 1959.

■ La peticionaria plantea dos cuestiones: (¹) En la primera se aduce como error de la sala de instancia al no permitirle presentar prueba testifical dirigida a demostrar la conducta de la unión con respecto a la reclamación. Se refiere la querellante a que contaba con prueba para demostrarle al tribunal que la unión en este caso se negó a llevar el caso ante la consideración del patrono y asumió una actitud de indiferencia y negligente ante sus reclamos como miembro de la unión de representarle en el procedimiento de quejas establecido en el convenio colectivo. Según su teoría, la actitud de

---

(¹) La desestimación de la acción por reclamaciones cubriendo un período de más de diez años no se ataca en este recurso.

la unión tenía el efecto de hacer inaplicable a su caso la regla de obligatoriedad de las cláusulas de arbitraje enunciada en *Pérez* v. *Autoridad Fuentes Fluviales, supra.* En esta forma el empleado unionado pretende que se responsabilice al patrono, obligándole a incurrir en los costos de un litigio que puede resultar lento y angustioso, por la omisión de la unión a la cual pertenece de no haber llevado su reclamación a arbitraje. No estamos de acuerdo. Como dijimos en *Pérez,* los convenios colectivos obligan igualmente a los obreros y al patrono. Es la ley entre las partes. No vemos perjuicio alguno para el querellante, pues nada impide que mediante la intervención de los abogados del Departamento del Trabajo recurra al arbitraje, según lo dispuso el tribunal de instancia, que es el medio más rápido y apropiado para dilucidar su reclamación.

Sin que adelantemos bajo qué circunstancias pueda justificarse una desviación de la norma de agotamiento establecida en *Pérez,* en beneficio de un unionado en particular que por justa causa se vea obligado a ignorar el procedimiento de arbitraje acordado en el convenio y recurrir a la vía judicial, parece propio señalar que en la consideración de las mismas debemos actuar con suma cautela en no correr el riesgo de desvirtuarla, pues "[r]ecurrir al arbitraje no es un peligro del cual hay que huir sino una buena práctica obrero-patronal que hay que fomentar". *Nazario* v. *Tribunal Superior,* 98 D.P.R. 846, 855 (1970).

■ La segunda cuestión planteada por el querellante impugna la aplicabilidad de la regla establecida en *Pérez* a convenios otorgados antes de la fecha en que se decidió dicho caso. Considerada la estipulación de las partes antes dicha, y que de los autos originales del caso no surge la fecha de otorgamiento de los convenios, y cuáles podrían estar excluidos de la regla de *Pérez,* rechazamos este planteamiento.

*Se anulará el auto expedido.*