Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ANTONIO SANTIAGO<br><br>Querellante-Recurrido<br><br>Vs.<br><br>BILLENIUM LLC<br><br>Querellado-Recurrente<br><br><br>Synchrony Bank<br>Querellado | TA2025RA00231 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm. CAG-2025-0006679<br><br>Sobre: Ley Núm. 5 de 23 de abril de 1973 (Ley Orgánica de DACO) |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de noviembre de 2025.

Comparece la parte recurrente, Billenium, LLC, solicita la revocación de la *Resolución* emitida y notificada el 30 de junio de 2025 por el Departamento de Asuntos del Consumidor (DACo). El DACo desestimó la querella promovida por el recurrido, el señor Antonio Santiago.

Por los fundamentos expuestos a continuación, *revocamos* la resolución recurrida.

*-I-*

El 3 de febrero de 2025 el recurrido presentó una querella en contra de la corporación recurrente. Solicitó la resolución del contrato de un sistema fotovoltaico y de batería de reserva, suscrito con la parte recurrente, así como la devolución del dinero. La parte recurrente contestó la querella y aseveró la existencia de una cláusula de arbitraje en el contrato, estipulación que excluye el trámite administrativo como primera opción para resolver cualquier disputa contractual. La agencia recurrida desestimó la

querella por falta de jurisdicción sobre la base de la referida cláusula de arbitraje. Sin embargo, ordenó a las partes a coordinar el recogido del equipo instalado en un término de veinte (20) días. La resolución fue notificada el 30 de junio de 2025, y posteriormente la agencia recurrida denegó la reconsideración instada por la parte recurrente.

Todavía inconforme, la parte recurrente comparece ante este foro apelativo intermedio y señala el siguiente error:

> Erró el Departamento de Asuntos del Consumidor al emitir una Orden concediendo veinte (20) días a las partes para que recogieran un equipo que no está bajo su jurisdicción, de su propia decisión surge que no tiene controversia para adjudicar debido a la devolución del dinero e hizo énfasis en que las partes escogieron el Arbitraje como método primario con jurisdicción para resolver la controversia planteada.

La parte recurrida también compareció mediante alegato escrito. Por tanto, procedemos a resolver el presente recurso apelativo con el beneficio de la comparecencia de las partes, el contenido del expediente, y el derecho aplicable.

-*II*-

-*A*-

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9671 *et seq.* (LPAUG), dispone un procedimiento uniforme para la revisión judicial de una adjudicación administrativa. *Gobierno PR v. Torres Rodríguez*, 210 DPR 891, 907 (2022); *Cordero Vargas v. Pérez Pérez*, 198 DPR 848, 857 (2017). Mediante un recurso de revisión judicial, el Tribunal de Apelaciones puede revisar las decisiones, órdenes y resoluciones finales emitidas por un organismo o una agencia administrativa. Véase, Artículo 4.006(c) de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico*, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y. Su propósito es asegurar que la agencia actuó conforme con el poder delegado. *OEG v.*

*Martínez Giraud*, 210 DPR 79, 88 (2022); D. Fernández Quiñones, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme*, 3ra ed., Bogotá, Forum, 2013, pág. 669.

Los tribunales apelativos debemos otorgar deferencia a las determinaciones de los organismos administrativos, puesto que poseen experiencia y conocimiento especializado sobre el asunto delegado. *Transporte Sonnell, LLC v. Junta Subastas Aut. Carreteras*, 2024 TSPR 82; *Violí Violá Corp. et al., v. Mun. Guaynabo*, 213 DPR 743 (2024); *Otero Rivera v. Bella Detail Group, Inc., y otros*, 2024 TSPR 70; *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 114 (2023); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016). Por ello, las determinaciones administrativas gozan de una presunción de legalidad y corrección. *Íd.* Esa presunción subsiste mientras la parte que objete la decisión administrativa no demuestre que las determinaciones de hechos no están fundamentadas en la evidencia sustancial, o que las conclusiones de derecho alcanzadas por la agencia carecen de fundamento legal. *OEG v. Martínez Giraud, supra*, pág. 89. En ese sentido, la revisión judicial evalúa tres aspectos: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hechos se sostienen por evidencia sustancial contenida en el expediente administrativo, y (3) si las conclusiones de derecho de la agencia se sostienen. *Hernández Feliciano v. Mun. Quebradillas, supra*; *Torres Rivera v. Policía de PR, supra*, págs. 626-627; *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839-840 (2021); *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 591 (2020).

### -III-

En el presente caso no está en disputa que el contrato suscrito entre las partes contiene una cláusula de arbitraje. Por tanto, al tomar en consideración la voluntad de las partes al firmar

el acuerdo resulta ineludible concluir que ambas partes aceptaron someter sus quejas y agravios ante un árbitro como primera oportunidad para solucionar cualquier desavenencia en torno al contrato de servicios firmado.

En igual medida, reconocemos, como norma general, la política pública a favor de arbitraje que emana del acuerdo suscrito. *Buena Vista Dairy, Inc. v. J.R.T.*, 94 DPR 624, 632 (1967). Agregue que, tampoco encontramos en esta disputa, y las partes no han señalado, alguna circunstancia que pueda justificar una desviación de la norma de agotamiento establecida en beneficio del procedimiento de arbitraje acordado. En suma "[r]ecurrir al arbitraje no es un peligro del cual hay que huir sino una buena práctica" que debemos fomentar. *Sria. del Trabajo v. Hull Dobbs*, 101 DPR 286, 289 (1973).

Reiteramos que cuando las partes incorporan medidas de esta naturaleza en un contrato, han seleccionado el método que en su criterio resulta más apropiado para resolver las controversias que puedan surgir a la luz del contrato. Tales acuerdos deben ser respetados. Sin embargo, aunque DACo reconoció que las partes escogieron resolver las controversias mediante el procedimiento de arbitraje, procedió a ordenar el recogido del equipo instalado, a pesar de que reconoció que procedía el archivo de la querella. Tal proceder es errado puesto que una vez la agencia determinó que procedía la desestimación, no podía ordenar nada. En vista de todas las consideraciones antes señaladas, y en buena práctica forense, corresponde abstenernos de intervenir, en este momento, con la relación contractual entre las partes.

### -*IV*-

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, *revocamos* la resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones